IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY DEAN HUTCHINSON,

        Petitioner,

    v.

MARK NOOTH,

        Respondent.

Case No. 2:15-cv-00293-HZ

OPINION AND ORDER

Nell Brown
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

      Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

      Attorneys for Respondent

1 - OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his 66-month state-court sentence from 2006. For the reasons that follow, the court requires additional briefing from respondent.

## BACKGROUND

On August 8, 2006, the Marion County Grand Jury indicted petitioner on four counts of Felon in Possession of a Firearm. Respondent's Exhibit 104. Each count was alleged to have involved a separate criminal episode from the same day, June 7, 2006 because petitioner was in possession of four different firearms on that date. *Id.*

Petitioner stipulated that he was a felon in possession of four firearms on the day in question, but did not agree that the possession of the four firearms was sufficient to qualify as four separate criminal episodes justifying the imposition of consecutive sentences. The State not only pursued consecutive sentences, but also sought the imposition of departure sentences. Petitioner waived his right to have a jury determine the facts necessary to justify departure sentences, leaving that issue to the sentencing judge for resolution. Respondent's Exhibit 122.

Defense counsel argued that petitioner's possession of the four firearms arose from a single course of conduct that did not justify consecutive sentences. The trial court concluded that "Defendant possessed four guns. Some he got at the same time, some at other times. However, he wished to possess, and did possess, four separate items. The possession of each item is a

2 - OPINION AND ORDER

crime."    Respondent's Exhibit 111, pp. 36-37.    The court
concluded that consecutive sentences were appropriate as to all
counts, and imposed departure sentences totaling 96 months in
prison.    Respondent's Exhibits 110, pp. 13-15; Respondent's
Exhibit 111, pp. 36-37.

Petitioner took a direct appeal in which he challenged the
legality of his sentence. Respondent's Exhibit 111. The parties
jointly moved to vacate the trial court's Judgment and remand the
case for resentencing because his 96-month sentence exceeded
Oregon's 200% and 400% rules. Respondent's Exhibit 112. The
Oregon Court of Appeals granted the parties' motion, leading to a
resentencing proceeding in which the trial court imposed
consecutive departure sentence totaling 66 months in prison.
Respondent's Exhibit 144, pp. 9-10.

Petitioner did not seek further direct review, and instead
proceeded to file for post-conviction relief ("PCR") in Malheur
County where he raised eight claims of ineffective assistance of
counsel.    The State moved for judgment on the pleadings as to
seven of petitioner's claims because he failed to provide any
documentation to show he was entitled to relief on them.    The PCR
court granted the State's Motion, and ultimately resolved the
final claim (pertaining to counsel's alleged failure to argue
against the imposition of fees and fines) against petitioner.
Respondent's Exhibits 131 & 137.

Petitioner appealed the PCR court's decision raising claims
by way of both counseled and *pro se* briefing.    Respondent's
Exhibits 138 & 139.    The Oregon Court of Appeals affirmed the PCR

3 - OPINION AND ORDER

court's decision without opinion, and the Oregon Supreme Court denied review. *Hutchinson v. Nooth,* 264 Or. App. 783, 333 P.3d 764, *rev. denied,* 356 Or. 574, 342 P.3d 87 (2014).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on February 19, 2015 in which he argues that trial counsel was constitutionally ineffective when he failed to:

> 1. Argue that the enhancement facts used to increase petitioner sentence were not timely presented to the court and petitioner;
>
> 2. Argue that there were mitigating factors, and that the enhancement facts used to aggravate petitioner's sentence were not proven beyond a reasonable doubt;
>
> 3. Argue that no substantial and compelling reasons were stated in open court by the Judge to deny the petitioner any forms of early release or 936 credits;
>
> 4. Adequately and effectively advise petitioner of the consequences and the effect of the rights being given away in regards to accepting a trial by judge;
>
> 5. Argue against the imposition of fines and fees against petitioner; and
>
> 6. Adequately prepare for petitioner's sentence where he did not have arguments to address the imposition of the 200% and 400% rule.

Petition for Writ of Habeas Corpus (#2), pp. 4-8.

Respondent asks the court to deny relief on the Petition because: (1) Ground Five does not go to petitioner's detention, and is therefore not cognizable in a habeas corpus case; (2) petitioner failed to fairly present Grounds Two, Three, Four, and Six, leaving them procedurally defaulted; and (3) the PCR

court's decision denying relief on Ground One is neither contrary to, nor an unreasonable application of, clearly established federal law.

## DISCUSSION

### I.   Unargued Claims

As previously noted, petitioner raises six grounds for relief.   In his supporting memorandum, however, petitioner chooses to brief two claims of ineffective assistance of counsel: (1) whether his defense attorney should have advised him to waive his right to have a jury determine the facts used to enhance his sentence; and (2) whether counsel failed to adequately prepare for sentencing and argue the law limiting enhancements to petitioner's sentence.   These arguments appear to pertain to Grounds Two, Four, and Six, respectively.

Petitioner does not argue the merits of his remaining claims, nor does he address any of respondent's arguments as to why relief on these claims should be denied.   As such, petitioner has not carried his burden of proof with respect to Grounds One, Three, and Five.   See *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims). Even if petitioner had briefed the merits of these claims, the court has examined them based upon the existing record and determined that they do not entitle him to relief.

### II.  Exhaustion and Procedural Default

#### A.   Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a

direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

///

6 - OPINION AND ORDER

**B.    Analysis**

Petitioner summarily asserts that he fairly presented his argued claims to Oregon's courts.  A review of the record reveals that petitioner raised the substance of Grounds Two, Four, and Six to the PCR court.  Respondent's Exhibit 116, pp. 3-4.  During his PCR appeal, however, petitioner's appointed attorney narrowed his claims to focus only on whether counsel should have argued against the imposition of fines and fees (correlating to petitioner's unargued claim in Ground Five of his Petition for Writ of Habeas Corpus).  Respondent's Exhibit 138, p. 6.  This prompted petitioner to file a *Pro Se* Supplemental Appellant's Brief in which he raised the following issues in the Question Presented portion of that brief:

> Did post-conviction court error in denying Petitioner's formal petition for post-conviction based on Petitioner's claims of ineffective assistance of trial counsel's failure to object to sentencing enhancement facts not alleged in a reasonable amount of time **and failure to argue enhancement facts not proven beyond a reasonable doubt.**

Respondent's Exhibit 139, p. 3 (bold added).

Although it is clear petitioner did not raise his argued claim pertaining to the jury waiver, he did allege that trial counsel failed to argue that the State had not proven the facts necessary to support his departure sentences.  Respondent contends that petitioner argued this claim only in due process terms, and failed to provide any argument as to how counsel performed deficiently such that he failed to fairly present the claim.  The court disagrees.  Petitioner specifically alleged

that counsel failed to argue that the State had not proven its enhancement facts beyond a reasonable doubt, and proceeded to support that claim with his contention that "[t]he prosecutor only stated 3 factors, but never proved them in accordance to ORS 136.785(1). The judge then proceeded to use the same stated, unproved factors to upward depart and enhance the sentence 8 times." *Id* at 4. Where petitioner raised this same issue in his Petition for Review, Respondent's Exhibit 141, p. 3, petitioner fairly presented it to Oregon's state courts so as to preserve it for habeas corpus review.

## C.  **Exceptions to Procedural Default**

Petitioner asserts that the court should excuse his default as to his ineffective assistance of counsel claim pertaining to his waiver of a jury based upon the ineffective assistance of PCR counsel. Specifically, although petitioner concedes PCR counsel raised this claim, he faults counsel for not adequately developing the claim, thereby leading to his procedural default.

Traditionally, the performance of PCR counsel could not be used to establish cause and prejudice to excuse a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991) (only the constitutionally ineffective assistance of counsel constitutes cause); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) (there is no constitutional right to counsel in a PCR proceeding). In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Court created a narrow equitable exception to that principle and concluded that when an initial-level PCR attorney omits a substantial claim such that counsel was ineffective, the omission

8 - OPINION AND ORDER

will establish cause and prejudice for the default. The Court did not hold that the performance of a PCR attorney who raised a claim but who did not "adequately develop" the claim might excuse a procedural default. *Id* at 1318. Moreover, as the Ninth Circuit recognized in *Lopez v. Ryan*, 678 F.3d 1131, 1137 (9th Cir. 2012), to expand *Martinez* in this way would create tension with Supreme Court precedent the Supreme Court had already established at the time of its decision in *Martinez*. *See, e.g., Cullen v. Pinholster,* 563 U.S. 170, 185 (2011) ("[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court."). Accordingly, petitioner cannot excuse his default in this way.

Petitioner also asserts that he can excuse his procedural default because he is actually innocent. In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court concluded that a habeas petitioner may excuse a procedural default by showing that in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Id* at 317. Petitioner in the case at bar does not allege factual innocence as to the underlying criminal conduct of which he was convicted. Instead, he claims to be "innocent" of his sentence. Neither the Supreme Court nor the Ninth Circuit has extended the concept of actual innocence to a non-capital sentencing issue, and the Ninth Circuit has recognized that a

9 - OPINION AND ORDER

showing of actual innocence requires a petitioner to demonstrate "that the petitioner is innocent of the charge for which he is incarcerated. . . ." *Gandarela v. Johnson*, 286 F.3d. 1080, 1085 (9th Cir. 2001) (citing *Schlup*, 513 U.S. at 321). In the context of an Oregon inmate who alleged that his consecutive sentences were plainly unlawful under the applicable Oregon statute, the Ninth Circuit concluded that the inmate could not avail himself of the actual innocence exception to procedural default where he failed to establish his factual innocence as to his crime of conviction. *Wildman v. Johnson*, 261 F.3d 832, 842-43 (9th Cir. 2001).

Where the actual innocence exception to procedural default is firmly rooted in the fundamental question of an inmate's factual innocence as to the crime(s) of conviction, this court declines to extend the actual innocence exception to non-capital sentencing error. *See Bousley v. United States*, 523 U.S. 538, 559 (1998) (actual innocence means factual innocence, not legal insufficiency); *see also Sawyer v. Whitley*, 505 U.S. 333, 340 (1992) (A "prototypical example" of actual innocence "is the case where the State has convicted the wrong person of the crime."); *Johnson v. Knowles,* 541 F.3d 933, 937-38 (9th Cir. 2008) ("the miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary **finding of guilt**.") (italics in original, bold added).

For all of these reasons, petitioner is unable to excuse his procedural default as to his claim that trial counsel was

10 - OPINION AND ORDER

ineffective for advising petitioner to waive his right to a jury at sentencing. Petitioner did, however, fairly present his claim that trial counsel failed to argue that the State had not proven the facts underlying his departure sentences beyond a reasonable doubt. Because respondent has not yet briefed the merits of petitioner's remaining claim, the court will allow him an opportunity to do so.

## CONCLUSION

For the reasons identified above, all of petitioner's claims are denied with the exception of the following: whether trial counsel was constitutionally ineffective when he failed to argue that the State had not proven the facts underlying his departure sentences beyond a reasonable doubt. Where respondent has not addressed this claim on its merits, the court allows him 30 days to do so. The court will take petitioner's remaining claim under advisement 45 days from the date of this Order.

IT IS SO ORDERED.

DATED this **28** day of October, 2016.

*Marco Hernández*

Marco A. Hernández
United States District Judge