IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY DEAN HUTCHINSON,

        Petitioner,

v.

MARK NOOTH,

        Respondent.

Case No. 2:15-cv-00293-HZ

SUPPLEMENTAL OPINION AND ORDER

Nell Brown
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - SUPPLEMENTAL OPINION AND ORDER

HERNANDEZ, District Judge.

On October 28, 2016, the Court denied relief on all of Petitioner's claims with a single exception: whether trial counsel was constitutionally ineffective when he failed to argue that the State had not proven the facts underlying Petitioner's departure sentences beyond a reasonable doubt. The Court allowed an opportunity for further briefing, and now addresses Petitioner's final claim on its merits.

## BACKGROUND

Petitioner pled guilty to four counts of Felon in Possession of a Firearm, and the trial court imposed consecutive departure sentences totaling 96 months in prison. It justified the imposition of the departure sentences by finding that Petitioner:

> . . . engaged in persistent involvement in similar offenses based on the fact that he has been involved in a murder, a robbery which are person crimes, and was caught with a sawed-off shotgun while on release. . . .
>
> \* \* \* \* \*
>
> . . . has had prior sanctions that have not deterred his conduct
>
> \* \* \* \* \*
>
> . . . incarceration is necessary for the public safety and based on the fact that the [Petitioner's] lack of ability to understand the dangerousness of the weapons that he kept coming into contact with even while he was out on release.

Respondent's Exhibit 109, pp. 20-22.

On appeal, the parties jointly moved to vacate the trial court's Judgment and remand the case for resentencing because his

96-month sentence exceeded Oregon's 200% and 400% rules. Respondent's Exhibit 112. The Oregon Court of Appeals granted the parties' motion, leading to a resentencing proceeding in which the trial court imposed consecutive departure sentence totaling 66 months in prison. Respondent's Exhibit 144, pp. 9-10.

In his sole remaining claim, Petitioner argues that his trial attorney should have argued that the State had not proven the departure factors beyond a reasonable doubt.

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that]

3 - SUPPLEMENTAL OPINION AND ORDER

precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

## II. **Analysis**

According to Petitioner, the State did not proffer sufficient evidence to support the departure sentences such that counsel was constitutionally obligated object. Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption

that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the proceeding. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

The State notified the Marion County Circuit Court of its intent to rely on enhancement facts pertaining to a variety of factors: threat of violence, persistent involvement in similar offenses, prior sanctions had not deterred Petitioner, demonstrated disregard for laws, and Petitioner's incarceration was necessary for public safety. Respondent's Exhibit 119. During the sentencing proceeding, the State recounted Petitioner's criminal history, which included Larceny in the First Degree and Murder in the Second Degree in 1967. Respondent's Exhibit 109, p. 2. When he was released on parole from that crime, he committed Burglary in the First Degree and, four years later, Robbery in the Second Degree. *Id* at 2-3. The State also recounted that while on release for the firearms charges underlying this federal habeas case, Petitioner threatened to murder a man in

Polk County, eventually leading to a federal prosecution when he was caught with a sawed-off shotgun. *Id* at 3-4. The prosecutor felt Petitioner was a danger to the public, and stated:

> I guess . . . you have a convicted murderer with modified weapons used to kill in close quarters, and when you combine that with the threat of actually using force, against somebody, we can't afford to guess whether the defendant meant it or not.

*Id* at 4-5.

Trial counsel argued at length against the imposition of consecutive sentences, and further noted that "any enhancement needs to be supported by evidence." *Id* at 8. He asserted that Petitioner had experienced a troubled childhood, never met his father, was 65 years of age, going blind, and experiencing depression. Counsel maintained that "[d]espite his despair, despite having access to weapons . . . he never even committed any criminal activity other than the possession of those guns, and I suggest to the Court does not pose a threat to the community. . . ." *Id* at 16.

Petitioner argues that, although defense counsel made several arguments on his behalf, he failed to adequately argue that the State had not presented sufficient evidence to find substantial and compelling reasons to justify the imposition of departure sentences. Given Petitioner's criminal history, including the commission of a federal firearms offense while on release for the Felon in Possession charges that were at issue in Marion County, it is unlikely that additional argument by counsel could have effectively argued to reduce or eliminate the

6 - SUPPLEMENTAL OPINION AND ORDER

departures. In this respect, counsel's decision to concentrate the bulk of his argument against the imposition of consecutive sentences was a reasonable one, especially where the State sought the imposition of four consecutive sentences based on the theory that Petitioner's simultaneous possession of four firearms amounted to four separate criminal episodes.

For these reasons, counsel's performance did not fall below an objective standard of reasonableness. At a minimum, the PCR Court's decision to deny relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. *See Richter*, 562 U.S. at 102 (2011) (so long as fairminded jurists could disagree as to whether a state court's decision conflicts with Supreme Court precedent, federal habeas relief is not appropriate).

## CONCLUSION

For the reasons identified above, as well as those in the Court's Opinion and Order (#37), the Petition for Writ of Habeas Corpus (#2) is denied. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this **29** day of March, 2018.

*Marco Hernandez*
Marco A. Hernandez
United States District Judge